IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00772-LTB

**WILLIAM J. EGAN**,

    Plaintiff,

v.

**CASA SERENA APTS**;
**LAURA AGULERO**;
**MANUAL**;
**LANDLORD PROPERTY OWNER**; and
**COLORADO COALITION FOR THE HOMELESS**,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, William Egan, resides in Aurora, Colorado. He initiated this action by filing, *pro se*, a Complaint (ECF No. 1). Mr. Egan has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 4).

In his Complaint, Plaintiff makes claims of breach of contract and landlord/tenant issues and cites to Colorado statutes as the basis for his claims. Specifically, he claims that his apartment has no adequate door knob, no running hot water, no properly working heating or air conditioning unit, and leaking windows and doors. He further asserts that the Colorado Coalition for the Homeless administers his social security payments and has failed to pay his utility bill, which has resulted in his utilities being turned off. In addition, he asserts that his lease is subject to the requirements of Section 8 housing under the federal government program administered by the federal Housing and Urban Development authority (HUD).

The Court must construe the Amended Complaint liberally because Mr. Egan is not represented by counsel. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a *pro se* party must follow the same procedural rules that govern other litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). For the reasons discussed below, the Complaint will be dismissed for lack of subject matter jurisdiction.

Federal courts are under an independent obligation to examine their own jurisdiction. *United States v. Hays*, 515 U.S. 737, 742 (1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Because federal courts are courts of limited jurisdiction, the Court must have a statutory basis to exercise its jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F. & S. Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

There are two statutory bases for federal subject matter jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Section 1331 "confers jurisdiction only where a federal question is at issue, it does not create federal jurisdiction." *Rose v. Utah*, 399 F. App'x 430, 437 (10th Cir. 2010) (citation omitted). Plaintiff makes no allegation that his claims arise under any law of the United States. Rather, he asserts claims of landlort/tenant law and breach of contract. The fact that his lease is subsidized by the federal Section 8 housing program

does not transform his action into one involving federal law.[1]  Thus, Mr. Egan does not allege a statutory basis to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Moreover, to the extent he would assert a federal cause of action under 42 U.S.C. § 1983, his allegations do not support a claim under that federal statute.  "[T]o state a § 1983 claim, a plaintiff must 'allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'"  *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).  However, Mr. Egan complains of alleged misconduct by private entities that appears to implicate basic contract and landlord/tenant law principles.

"Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50 (internal quotation marks omitted).  A private actor may be subject to liability under § 1983 if "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."  *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n.*, 531 U.S. 288, 295 (2001) (quotation marks and citations omitted).  However, if a plaintiff "attempts to assert the state action

---

[1] Despite the fact that federal law specifies that certain terms be included in leases executed between private landlords who participate in the Section 8 housing program and their tenants, most courts which have considered the issue have concluded that when a Section 8 landlords are not acting as a federal actor and there is no jurisdiction in the federal courts to review the propriety of the landlord's acts. *See. e.g., Morris v. Dehaan*, 944 F.2d 905, *4 (6th Cir. 1991) (unpublished) (citing *Miller v. Hartwood Apartments, Ltd.*, 689 F.2d 1239 (5th Cir. 1992)); *Visintini v. Hayward*, 2009 WL 2413356, *3 (N.D. Cal. August 5, 2009) (citing *Gallman v. Pierce*, 639 F.Supp. 472, 485 (N.D. Cal. 1986)); *Benford v. Smith*, 2005 WL 1325003 (E.D. Tenn. June 3, 2005). The same absence of state action on the part of the private landlord forecloses any claim under 42 U.S.C. § 1983. *See, e.g., Shell v. Foulkes*, 362 F. 23 (11th Cir. 2010); *Jeffries v. Georgia Residential Fin. Auth.*, 678 F.2d 919, 924–25 (11th Cir. 1982).

required for a § 1983 claim against private actors based on a conspiracy with government actors, mere conclusory allegations with no supporting factual averments are insufficient. Rather, the plaintiff must specifically plead facts tending to show agreement and concerted action." *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (internal quotation marks omitted). Plaintiff does not allege any facts to suggest that the private defendants acted in concert with government officials to violate his constitutional rights. *Accord Wieszciecinski v. Labrenz* , Civil No. 14–12728, 2014 WL 4410086, 3 (E.D. Mich. Sept. 8, 2014) ("These landlord/tenant issues do not state a federal question.") (citing *Elliott v. Plaza Properties, Inc.*, Civil No. 2:08-1037, 2010 WL 2541020, at *5–6 (S.D. Ohio June 18, 2010) (noting that even where a Section 8 landlord evicts a tenant, he or she is not acting as a federal actor and there is no jurisdiction to review the propriety of the landlord's actions)).

The Court finds that Plaintiff has failed to allege facts in the Complaint to establish federal question jurisdiction under 28 U.S.C. § 1331. Thus, in order for this Court to review this action, Mr. Egan must demonstrate that this Court has jurisdiction over his allegations under the diversity jurisdiction statute.

A plaintiff properly invokes § 1332 jurisdiction when he or she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* 28 U.S.C. § 1332(a); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). To demonstrate federal jurisdiction pursuant to § 1332, allegations of diversity must be pleaded affirmatively. *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction"). Plaintiff alleges that both he and all of the

Defendants are residents of Colorado.  Thus, he cannot invoke this Court's diversity jurisdiction.  Accordingly, it is

**ORDERED** that the Complaint (ECF No. 1) and this action are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  Plaintiff may seek relief in the state courts.  It is

**FURTHER ORDERED** leave to proceed in forma pauperis is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Egan files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED April __23__, 2015, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court